"lettergram" did not protest the liquidation and that there was no other provision of law under which plaintiff could be afforded relief.

The question raised by defendant's motion to dismiss is whether the lettergram, quoted above in full, is such a protest as section 514 of the Tariff Act of 1930 contemplates. We are not now called upon to make a decision in the suit on the merits.

We agree with the Commissioner that plaintiff's lettergram did not protest the liquidation.

There is in the lettergram nothing to suggest that the remedy sought is reliquidation of the entry. To the contrary, the lettergram requests information "that may help prevent a similar incident." The basis of difference in view is stated, namely, that T.D. 52430, of March 13, 1950, exempts this shipment from the consular invoice requirements.

There is ample authority that a protest need not be made with technical precision. *National Carloading Corporation* v. *United States*, 44 Cust. Ct. 493, Abstract 64258. Exact words of protest are not required, nor is it necessary to set forth the grounds of protest in any particular form.

Section 514 of the Tariff Act of 1930 has two requirements particularly pertinent to this situation: One, that there be a *protest*; and, two, that the protest shall state "distinctly and specifically, and in respect to each entry * * * the reasons for the objection" to the liquidation.

The difficulty with the lettergram is that *it does not protest*. It seeks merely a guide as to how to prevent a similar incident in the future.

Defendant's motion is granted. Plaintiff's motion is denied. Judgment will be entered dismissing the suit.

No. 65190.—Maryland Trading Company, Inc., and Mohegan International Corp. v. United States, protests 327563–K, etc. (New York).

Opinion by DONLON, J. In accordance with oral stipulation of counsel that the merchandise in question consists of preserved, edible berries, the claim of the plaintiffs was sustained.

No. 65191.—F. W. Myers & Co. v. United States, protest 265825–K (Ogdensburg).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

No. 65192.—Catz American Co., Inc. v. United States, protest 273985–K(C) (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

No. 65193.—W. R. Zanes & Company v. United States, protest 274719–K (Galveston).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, FEBRUARY 24, 1961

No. 65194.—H. B. Lehman Connor Co., Inc. v. United States, protests 58/11079 and 58/16691 (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of waterproof cotton cloth similar in all material respects to that the subject of *United States* v. *D. H. Grant & Co., Inc.* (47 C.C.P.A. 20, C.A.D. 723), the claim of the plaintiff was sustained.

No. 65195.—T. R. Booth & Company v. United States, protest 60/7503–11287 (Chicago).

Opinion by RAO, J. The protest was dismissed for want of prosecution.

No. 65196.—T. R. Booth & Company v. United States, protest 60/7504–11291 (Chicago).

Opinion by RAO, J. The protest was dismissed for want of prosecution.

FEBRUARY 20, 1961

No. 65197.—SUIT 5031.—United States v. Border Brokerage Co.—C.D. 2131 reversed November 17, 1960. C.A.D. 754.

FEBRUARY 23, 1961

No. 65198.—Suit 5038.—John B. Hewett Co., Inc. v. United States.—C.D. 2140 affirmed November 17, 1960. C.A.D. 757.